DONALDSON, Judge,
concurring specially.
I concur to reverse the trial court’s judgment modifying an earlier judgment containing a physical-custody determina *940 tion regarding a minor child because the holding of the main opinion is consistent with existing Alabama caselaw. The trial court’s judgment recites that “there has been a material and continuing change in circumstances” and that the modification will “materially promote[] [the child’s] well-being and ... more than offset any disruptive effects” to the child as a result of the modification of custody. But the judgment does not identify what material change has occurred and does not provide a reason why the child’s best interest will be materially promoted by the change. Without the benefit of the reasoning of the trial court, we are left to search the record for the basis for the judgment in order to address the arguments of the parties. If the only basis for a custody-modification judgment that can be ascertained is a change of circumstances of the person seeking a change of custody, the judgment cannot be sustained. Ex parte McLendon, 455 So.2d 863, 866 (Ala.1984).
I recognize that there is no requirement that a judgment changing physical custody contain findings of fact or conclusions of law or any reasoning forming the basis for the finding that a change of physical custody is appropriate; however, based on the manner in which Ex parte McLendon has been applied, such findings and conclusions would help to clarify the trial court’s holding and assist appellate courts in focusing on whether the broad discretion of the trial court in such a case has been exceeded. For that reason, I believe “[a]ny finding of a compelling reason to change physical custody must be supported by the evidence and should be articulated by the trial court in the order modifying physical custody.” Gallant v. Gallant, 184 So.3d 387, 405 (Ala.Civ.App.2014) (Donaldson, J., concurring specially).